ENGLAND, Justice
(concurring in part and dissenting in part).
I concur in the first three Integration Rule and By-Law amendments approved by the Court today, but I do not agree that the Board of Governors requires a 10% latitude for budget amendments. I recognize the need for flexibility in the administration of bar programs, and I acknowledge the existence of inflationary conditions which have exaggerated the normal errors inherent in budgetary planning. Nonetheless, I believe that a 5% latitude for the Board of Governors should be sufficient.
The budgetary process we have established for our integrated bar association *496 preserves the right of Bar members to express their views on the Bar’s annual priorities before a budget is adopted.[1] Amendments which would shift the Bar’s priorities must be resubmitted to all members of the Bar before adoption, except to the extent necessary to provide administrative flexibility for the elected Board of Governors.[2] By raising the degree of flexibility from 5% to 10%, the Board is given more than emergency 1 practical flexibility. In my view, it is given power to substantially alter priorities for the budget year. I do not believe that so broad a power' is essential to the operation of the Board, so long as other mechanisms are available to meet the needs which arise during the course of any fiscal year.
It is suggested that the elected Board of Governors, being dedicated and honorable volunteers, will only amend budget priorities where a compelling need is shown. I do not contest the premise, but the suggestion proves too much. I would rather give the Board full latitude to do that which they deem essential, to the extent of 100% amendment capability, than leave the illusion that Bar members at large have the final word in the budget process beyond a necessary 'minimum (which I define as 5% or less).
The Board of Governors has lived with a 5% limit on their flexibility during the years when the budget was prepared 18 months in advance of the fiscal period for which it was adopted. Budgeting was a guess more than a science during those years. That problem has now been cured by our change in dues cycle from a calendar to a fiscal year. I would prefer to see the Board of Governors operate with a 5% limitation under the new 12-month cycle, at least until it can be shown to be unworkable.
ADKINS, C. J., concurs.

. Fla.Bar Integr.Rule, art. IX, §§ 2, 3 and 5.

. Fla.Bar Integr.Rule, art. IX, § 8.